Paul Balsam, J.
In a negligence action the plaintiffs move for an order directing the defendants to serve upon the plaintiffs copies of statements by defendant Veronica Piliero and by another individual referred to as “ Gloria ”.
It appears that at the time of the alleged accident the plaintiff Josephine Masone was a passenger in an automobile operated by the defendant Veronica Piliero. Prior to the time that plaintiffs were represented by counsel, a representative of the insurance carrier of defendants Piliero obtained a written statement from Josephine Masone. Following a demand served pursuant to OPLB 3101 (subd. [e]) a copy of this statement was furnished the plaintiffs. In this statement Josephine Masone recites “ I have read the statements by Veronica & Gloria & agree with them.” Plaintiffs now move to compel the defendants Piliero to furnish copies of the statements of Veronica Piliero and of the witness, Gloria. The defendants object contending that these statements are privileged, attorney’s work-product and, in addition, are material prepared for litigation.
No facts are set forth to show that these statements are privileged or the work-product of an attorney. Indeed, the defendants admit that they were taken by an investigator for the Maryland Casualty Company, an insurance carrier for the defendants Piliero, and it appears that they were taken prior to the commencement of the lawsuit or the time an attorney was retained to represent these defendants.
To support the contention that these statements are prepared for litigation and not subject to discovery and inspection, the defendants cite Zavaglia v. Engert (23 A D 2d 790), Finegold v. Lewis (22 A D 2d 447), Kandel v. Tocher (22 A D 2d 513) and *940 Ehrlich v. Kubis (23 A D 2d 782). There is no doubt that under ordinary circumstances the plaintiffs would not be entitled to discovery and inspection of such statements. The instant case, howevez', is extraordinary in that the statement of the plaintiff Josephine Masone incorporates by reference the other two statements. All of these statements, including the one already furnished, are material prepared for litigation. Nevertheless, the Legislature has seen fit to specifically provide that ‘ ‘ A party may obtain a copy of his own statement” (CPLR 3101, subd. [e]), thus creating an exception to the rule that material prepared for litigation ordinarily is not discoverable. Pursuant to that section a party is entitled to a copy of his complete statement. In the instant case this plaintiff’s statement is not complete unless it is read with the statements of the defendant Veronica Piliero and of the witness, Gloria, and, therefore, plaintiffs are entitled to copies thereof. Under the circumstances, these statements are part of the plaintiff’s statement. The insurance investigator placed the defendants in this position when he wrote up the plaintiff’s statement by incorporating the other statements instead of repeating the facts anew.
The motion is granted. The defendants Piliero shall furnish time and complete copies of the statements of Veronica Piliero and Gloria which are referred to in the statement of the plaintiff Josephine Masone within 10 days of the service of a copy of the order to be entered hereon.